## CHARLES M. NOKES, EX PARTE.

CRIMINAL LAW.—" COPPER ACT."—DEDUCTION OF IMPRISONMENT.— § 5268 subd. 2, Comp. Laws Utah, 1888, vol. 2, provided that " each convict, etc., shall be entitled to a reduction of the period of sentence as hereinafter provided." § 52c9 subd. 3, (Ib.) provided that from the term of sentence of three months, fifteen days; from a term of six months, thirty days, and for longer terms, a larger number of days shall be deducted. § 5270 subd. 4, (Ib.) provided for reduction for all terms of sentence terminating intermediately between the terms before specified; *held*, that a prisoner sentenced for less than three months was entitled to no deduction.

Original petition for a writ of *habeas corpus*. The facts stated in the petition were admitted to be true.

*Messrs. Sheeks and Rawlins*, for the petitioner.

*Mr. George S. Peters*, U. S. District Attorney, *contra*.

BOREMAN, J.:

This is an application for a writ of *habeas corpus*, and for a discharge thereon from prison. By consent the whole matter is heard upon the application for the writ; the facts stated in the petition being admitted as true by the United States District Attorney. The petitioner, Charles M. Nokes, was on the 18th day of October, 1888, sentenced by the District Court to imprisonment in the penitentiary for the term of 85 days, and to pay a fine of $150. The 85

days would, if there were no deductions, expire on the 11th of January, 1889. But the petitioner claims that he is entitled to deductions at the rate of five days per month. If this were correct, the end of the term of sentence of 85 days would have expired on the 31st day of December, 1888; and the time which the law requires that he should be imprisoned solely for non-payment of the fine of $150 would begin to run on the 31st day of December, 1888, and, it being 30 days, would expire on the 30th day of January, 1889. On the 31st day of January, 1889, the petitioner, under provision of the statute, (Rev. St. U. S. §§ 1042, 5296), applied to United States Commissioner Norrell for his discharge from prison, and showing that his behavior in the penitentiary was good, that he was unable to pay the fine, that he had no property to the amount of $20, over and above that which is exempt from execution, and claiming that he had served his term of sentence and the 30 days additional. After hearing, Commissioner Norrell denied the application for a discharge from prison. Thereupon the petitioner has applied to this Court for his discharge on the writ of *habeas corpus.* Whether he is entitled to his discharge or not depends upon whether his case comes within the provision of the statute as to deductions for good behavior. That statute (2 Comp. Laws 1888, p. 762,) reads as follows: Paragraph 5268, § 2: " Each convict sentenced for any period less than life, who has not been guilty of a breach of the rules of discipline of the prison, shall be entitled to a reduction of the period of sentence, as hereinafter provided," etc. Paragraph 5269, § 3: " The following deductions shall be allowed to convicts for good conduct: From the term of sentence of three months, fifteen days; from a term of six months, thirty days; from a term of one year, two calendar months;" and then follows a detail of the amount of deductions for greater terms of sentence. Paragraph 5270, § 4: " In all terms of sentence terminating intermediately between these terms hereinbefore specified, the deduction shall be proportionate to those named in the foregoing sections." The section just quoted (paragraph 5268) declares that each convict shall be entitled to a reduction of the period of

.sentence, "as hereinafter provided;" the next section (paragraph 5269) does not provide for any reduction where the period of sentence is less than three months; and the subsequent section (paragraph 5270) provides for reductions only in "terms of sentence terminating intermediately between those terms hereinbefore specified." As there is no reduction provided in any prior section where the term of imprisonment is less than three months, the sentence imposed upon the petitioner could not have been a sentence "terminating intermediately between these terms hereinbefore specified," and therefore not coming within the provision of the statute. If we could apply the spirit of the statute to the case, the petitioner could be discharged; but we are bound by the language of the statute, it being plain and unambiguous. The case of the petitioner does not come within the statute, and he is not entitled to be discharged. He is remanded to the custody of the marshal.

SANDFORD, C. J., and HENDERSON, J., and JUDD, J., concurred.